# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-0220V
Filed: October 19, 2016
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| CONSUELO LORY, | * |
| | * |
| Petitioner, | * |
| v. | * |
| | *    Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH | *    Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

*Bruce William Slane*, Law Office, White Plains, NY, for petitioner.
*Linda Sara Renzi*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On February 12, 2016, Consuelo Lory ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she suffered a right shoulder injury as a result of an influenza ("flu") vaccine she received on October 29, 2014. Petition at 1. On July 18, 2016, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer. (ECF No. 22).

On September 7, 2016, petitioner filed a motion for attorneys' fees and costs. (ECF No. 25). Petitioner requested attorneys' fees in the amount of $14,821.00, and

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

attorneys' costs in the amount of $788.88, for a total amount of $15,609.88.  *Id.* at 1.  In accordance with General Order #9, petitioner's counsel represents that petitioner incurred no out-of-pocket expenses.

On September 16, 2016, respondent filed a response to petitioner's motion.  (ECF No. 26).  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs."  *Id.* at 1.  Respondent adds, however, that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  *Id.* at 2.  Additionally, she "asserts that a reasonable amount for fees and costs in the present case would fall between $12,000.00  to $14,000.00," and cites to five cases which respondent states constitute a "survey of fee awards in similar cases and her experience litigation Vaccine Act claims..."  *Id.* at 3.

On September 26, 2016, petitioner filed a reply.  (ECF No. 27).  Petitioner argues that the citations to cases respondent used in her response did not involve petitioner's counsel and are "therefore inapplicable."  *Id*. at 2.  Petitioner also argues that respondent failed to demonstrate "with any particularity why these cases provide a benchmark against which to evaluate fees requested in the present case."  *Id.*  Petitioner also argues that the circumstances of the cases cited by respondent "are so fundamentally distinguishable from those of the present action such that the proposed range cannot be accepted."  *Id.* at 3.  Finally, petitioner notes that respondent failed to identify any specific deficiencies, unreasonableness, or billing issues" regarding the requested fees.  *Id*.

The undersigned has reviewed the billing records submitted with petitioner's request.  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.

Petitioner requests additional attorneys' fees in the amount of $936.50 for preparing the reply.  Petitioner's Supplemental Application for Attorneys' Fees and Costs at 1, for a total fee request of $16,546.38.  The undersigned finds the request for additional hours spent preparing the reply to be reasonable and awards the full amount requested for preparation of the reply brief, $936.50.[3]  Thus, the total amount awarded for attorneys' fees and costs is $**16,546.38**.

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  Based on the reasonableness of petitioner's request, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs.

---

[3] The undersigned may reduce the attorneys' fees sought for additional filings of a similar reply in other cases.

**Accordingly, the undersigned awards the total of $16,546.38,[4] as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel Bruce W. Slane.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

                                      **s/Nora Beth Dorsey**
                                      Nora Beth Dorsey
                                      Chief Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.